UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────

Jose R. Cintron,

                    Petitioner,              13 Civ. 7656 (JGK)

         - against -                         OPINION AND ORDER

Warden, F.C.I. Otisville,

                    Respondent.
────────────────────────────────

JOHN G. KOELTL, District Judge:


     The petitioner, Jose R. Cintron, brings this petition for a
writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The
petitioner seeks credit toward a ninety-two month federal
sentence for twelve and one-half months he spent in state
custody prior to the beginning of his federal sentence.  For the
reasons explained below, the petition is denied.

                              I.

     On March 4, 2008, the petitioner was arrested by officials
from the United States Bureau of Alcohol, Tobacco, Firearms, and
Explosives.  (Decl. of Marcus Boudreaux ("Boudreaux Decl.") Ex.
C, at 1.)  The petitioner was charged in the District of Vermont
with knowingly and intentionally distributing cocaine base and
with being a felon in possession of a firearm.  United States v.
Cintron, No. 08 Cr. 31 (D. Vt.) (docket item 1).  The petitioner

                              1

was released from federal custody on bond on March 5, 2008.
(Boudreaux Decl. Ex. C, at 2.)

On March 11, 2008, the petitioner was arrested by New York
State authorities and held in state custody for a violation of
his parole from a prior state sentence. (Boudreaux Decl. Ex. A,
at 7.) On April 3, 2008, the petitioner was writted into the
custody of the United States Marshals Service pursuant to a writ
of habeas corpus ad prosequendum, but remained in the primary
custody of the state. (Boudreaux Decl. Ex. C, at 2.)

The petitioner pleaded guilty to the federal drug and
firearm charges and was sentenced on March 30, 2009. (Boudreaux
Decl. Ex. B, at 1.) The United States District Court for the
District of Vermont recognized at sentencing that the petitioner
would not get credit applied to his federal sentence for the
twelve and one-half months served in state custody prior to
sentencing. (Boudreaux Decl. Ex. D, at 38.) Accordingly, the
District Court reduced the petitioner's sentence pursuant to the
United States Sentencing Guidelines § 5G1.3(c), taking into
account the approximately fifteen months (time served plus
possible good time credits) that otherwise would not be applied
to his federal sentence. (Boudreaux Decl. Ex. D, at 43.) The
District Court sentenced the petitioner to ninety-two months of
incarceration on each count, with the federal sentences to run

2

concurrently with each other as well as any state sentence on the state parole violation. (Boudreaux Decl. Ex. D, at 40-41.)

On June 8, 2009, New York State authorities revoked the petitioner's parole and imposed a two-year time assessment for his parole violations. (Boudreaux Decl. Ex. A, at 4.) The petitioner received credit towards the state time assessment for the time served from his March 11, 2008 arrest, and the petitioner was returned to federal custody upon the completion of his two-year state time assessment on March 11, 2010. (Pet. 10.)

The Bureau of Prisons ("BOP") credited the petitioner with two days of prior time served in federal custody on March 4 and 5, 2008, which has not been credited to his state sentence. (Boudreaux Decl. Ex. F, at 3.) The BOP has calculated the petitioner's release date as December 2, 2015, assuming time credit for good conduct. (Boudreaux Decl. Ex. F, at 3.) The petitioner is currently held at the Federal Correctional Institution in Otisville, New York.

## II.

The petitioner argues that the time he served from March 11, 2008 through March 30, 2009 should be applied to his federal sentence because Congressional intent under 18 U.S.C. § 3585(b)

was to give credit to defendants for prior time served.  The
petitioner argues that the BOP erred in denying his request to
credit time served from March 11, 2008 through March 30, 2009
against his federal sentence, because credit for prior time
served should "vest" at the time of his federal sentencing,
rather than being determined by the BOP after his state sentence
was imposed.

### A.

The BOP calculation of the petitioner's term of
imprisonment was correct. It is the responsibility of the BOP,
rather than the courts to determine the commencement of a
federal sentence and calculate any credit toward that sentence
for time already served.  Tisdale v. Menifee, 166 F. Supp. 2d
789, 791 (S.D.N.Y. 2001) (citing United States v. Montez-
Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998)).

The earliest that a federal sentence may begin to run is on
the date that it was imposed.  United States v. Labeille-Soto,
163 F.3d 93, 98 (2d Cir. 1998).  The sentence commences when the
defendant is received into custody at the detention facility
designated by the BOP.  18 U.S.C. § 3585(a); Labeille-Soto, 163
F.3d at 98.  In this case, because a federal sentence was
imposed on a defendant in state custody, the BOP designated a
state facility for the service of the petitioner's federal

4

sentence, beginning on March 30, 2009, the date the federal sentence was imposed.  See McCarthy v. Doe, 146 F.3d 118, 119 (2d Cir. 1998).

When the BOP calculates any credit toward a federal sentence from time served before the sentence was imposed, 18 U.S.C. § 3585(b) requires that the defendant "receive credit only for detention time 'that has not been credited against another sentence.'"  United States v. Wilson, 503 U.S. 329, 333 (1992) (quoting 18 U.S.C. § 3585(b)).  Therefore, under § 3585(b), the BOP cannot grant the petitioner credit toward the federal sentence for the same period of time in custody that has also been credited toward a state sentence. Id. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time.").

In this case, because the time between March 11, 2008 and March 29, 2009 was credited to the petitioner's state sentence for parole violation, the BOP was correct not to credit it towards his federal sentence.  Labeille-Soto, 163 F.3d at 99 ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence.").

The petitioner's argument that credit for presentence time served should vest at the time of his federal sentencing, before

5

the state authority had granted credit for time served between March 11, 2008 and March 29, 2009, is unavailing. The state retained primary jurisdiction over the petitioner from his arrest on March 11, 2008 through the end of the service of his state sentence on March 11, 2010.  United States v. Fermin, 252 F.3d 102, 108 n.10 (2d. Cir. 2001) ("[A] defendant held at a federal detention facility is not 'in custody' for the purposes of § 3585(a) when he is produced through a writ of habeas corpus ad prosequendum.")  In this case, BOP policy, consistent with the principle of comity between sovereigns, allows the award of credit for presentence time served in state custody to be made first against the state sentence. (Boudreaux Decl. Ex. H.)

## B.

Although § 3585(b) prevented the BOP from granting the petitioner's request, the District Court was well aware that the petitioner would not receive credit for time spent in state custody prior to the imposition of the federal sentence. The District Court therefore downwardly adjusted the petitioner's federal sentence pursuant to United States Sentencing Guidelines § 5G1.3, in order to account for the presentence time served. (Boudreaux Decl. Ex. D, at 38, 43.) Therefore, the court downwardly adjusted the sentence imposed by fifteen months. (Boudreaux Decl. Ex. D, at 38, 43.)

6

Guideline § 5G1.3 applies generally in sentencing defendants subject to undischarged terms of imprisonment and "operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." Witte v. United States, 515 U.S. 389, 405 (1995). In particular, § 5G1.3(c) provides flexibility in sentencing defendants who were on state parole at the time of the offense of conviction, such that "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

Contrary to petitioner's argument that the BOP calculation of imprisonment has frustrated the intent of the state and federal courts in imposing concurrent sentences, the District Court clearly and correctly anticipated that BOP would not be able to award the petitioner presentence credit, and downwardly adjusted the sentence accordingly. (Boudreaux Decl. Ex. D, at 38, 43.)

### III.

The petition for habeas corpus pursuant to 28 U.S.C. § 2241 is denied. The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) because the

petitioner has failed to make a substantial showing of the denial of a constitutional right. The Clerk is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

**Dated:      New York, New York**
**            October 13, 2014**         _____/s/_____
                                              **John G. Koeltl**
                                   **United States District Judge**